

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

February 17, 1939

Hon. T. L. Blanton
County Attorney
Shackelford County
Albany, Texas

Dear Sir:

Opinion No. O-263
Re: (1) Amount of total salary, includ-
ing ex-officio, for county judge of
Shackelford County
(2) Legality of county judge vote
on his ex-officio compensation

We are in receipt of your request for our opin-
ion as to the maximum legal salary Shackelford County may
allow its county judge and whether it is lawful under
Article 3895, R. C. S., as amended, for said county judge
to break a tie upon the amount of compensation he should
be awarded by the Commissioners' Court.

You state that Shackelford County has a popula-
tion of approximately 7,000, according to the last pre-
ceding Federal census.

Article 3895, supra, reads as follows:

"The Commissioners' Court is hereby de-
barred from allowing compensation for ex-officio
services to county officials when the compensation
and excess fees which they are allowed to retain
shall reach the maximum provided for in this chap-
ter. In cases where the compensation and excess
fees which the officers are allowed to retain
shall not reach the maximum provided for in this
chapter, the Commissioners' Court shall allow com-
pensation for ex-officio services when, in their
judgment, such compensation is necessary, pro-
vided, such compensation for ex officio services
allowed shall not increase the compensation of
official beyond the maximum of compensation and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

excess fees allowed to be retained by him
under this chapter. Provided, however, the
ex officio herein authorized shall be allowed
only after an opportunity for a public hear-
ing and only upon the affirmative vote of at
least three members of the Commissioners'
Court."

As stated by you, the maximum compensation
allowed officers in governed by Articles 3883, as amended,
and 3891, as amended. The pertinent provisions of Article
3883 are as follows:

"Except as otherwise provided in this
Act. the annual fees that may be retained
by precinct, county and district officers
mentioned in this Article shall be as fol-
lows:
"1. In counties containing twenty
five (25,000) thousand or less inhabitants:
County Judge, District or Criminal District
Attorney, Sheriff, County Clerk, County
Attorney, District Clerk, Tax Collector,
Tax Assessor, or the Assessor and Collector
of Texas, Twenty-four Hundred ($2400.00)
Dollars each; Justice of the Peace and Con-
stable, Twelve Hundred ($1200.00) Dollars
each."

We now reach the pertinent parts of Article
3891:

"each officer named in this Chapter shall
first out of the current fees of his office
pay or be paid the amount allowed him under
the provisions of Article 3883, together with
the salaries of his assistants and deputies,
and authorized expenses under Article 3899,
and the amount necessary to cover costs of
premium on whatever surety bond may be re-
quired by law. If the current fees of such
office collected in any year be more than the
amount needed to pay the amounts above speci-
fied, same shall be deemed excess fees, and
shall be disposed of in the manner hereinafter

provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District or County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three thousand Dollars ($3,000). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred Dollars ($1400)."

Therefore, a county judge in counties containing twenty-five thousand population or less, may retain the maximum of Twenty-four Hundred ($2400.00) Dollars and one-third of the excess fees, the maximum compensation and excess fees not to exceed Three Thousand ($3,000.00) Dollars, making it possible for a county judge to earn a total of Three Thousand ($3000.00) Dollars per year, as his maximum compensation.

Your county judge is ex-officio school superintendent. Your letter states he was voted an ex-officio compensation of Nine Hundred ($900.00) Dollars for this work. This is proper under the provisions of Article 3888, as amended, now reading as follows:

"In a county where the County Judge acts as superintendent of public instruction, he shall receive for such services such salary not to exceed Nine Hundred Dollars ($900) a year as the County Board of School Trustees of the respective counties may provide. The amount shall be paid in the manner specified in Chapter 49, Acts of the Forty-first Legislature, Fourth Called Session (Art. 2700d-1), and in Chapter 175, Acts of the Forty-second Legislature, Regular Session (Art. 2827a)."

We direct your attention to the fact this article has been long construed by this Department as being accountable as part of the maximum the officer could retain under the provisions of Article 3891, supra, and the county judge is not entitled to the compensation provided by Article 3888 over and above his maximum compen-

sation arrived at by reason of said Article 3891.

It has been consistently held by former administrations of this office that the Commissioners' Court may allow a county judge ex-officio compensation under Article 3895, supra, in any amount within the discretion of that body so long as the total of fees earned plus ex-officio may equal, but not exceed the maximum allowed by law, in this instance, Three Thousand ($3000.00) Dollars.

You are, therefore, advised that the Commissioners' Court of Shackelford County in voting the county judge the amount of Two Thousand Seven Hundred ($2,700.00) Dollars, acted within their legal right in so doing, insofar as your first question applies.

We next consider whether the county judge had the legal right to break the tie vote of the Commissioners' Court in favor of a salary increase for himself.

We note your holding that the language of the statute (Art. 3895, supra) should be "only upon the affirmative vote of at least three members of the Commissioners' Court." You state this would require the vote of three commissioners. We must disagree with you on this part of your holding, for the county judge is a member of the court. Sec. 11, Tex. Jur. 558; Art. 2342, R. C. S., 1925. On any other question except where he is himself interested, the county judge could properly participate as a member of said court. To illustrate, if the question of ex-officio compensation for the county attorney was under consideration, there is no doubt but that the county judge and two commissioners could fix the amount, even over opposition of the other commissioners.

We do not believe the county judge should participate as a voting member of the court when his own compensation is before that body.

Article 2340, R. C. S., 1925, reads as follows:

"Before entering upon the duties of their office, the county judge and each com-

missioner shall take the official oath, and
shall also take a written oath that he will
not be directly or indirectly interested in
any contract with, or claim against, the
county in which he resides, except such war-
rants as may issue to him as fees of office.
Each commissioner shall execute a bond to be
approved by the county judge in the sum of
three thousand dollars, payable to the county
treasurer, conditioned for the faithful per-
formance of the duties of his office, that
he will pay over to his county all moneys
illegally paid to him out of county funds,
as voluntary payments or otherwise, and that
he will not vote or give his consent to pay
out county funds except for lawful purposes."

It will be noted the county judge and each
commissioner is bound by oath "that he will not be direct-
ly or indirectly interested in any contract with, or
claim against, the county.....except such warrants as may
issue to him as fees of office."

The order fixing the compensation would be essen-
tial before the warrants could issue and we therefore con-
clude the county judge would be prohibited by his oath
from participating in the vote establishing the order.

The Supreme Court of Texas is the case of
Dalton v. Allen, 215 S. W. 439, held a similar order valid
where the county judge was present and presided over the
court when his ex-officio compensation was increased,
but he did not vote upon the question, and we think the
inference very strong the holding of the case would have
been different had the judge voted for the increase.
See also 218 S. W. 73 (same case, Court of Civil Appeals
conforming to answers to certified question.)

The following from 46 C. J. 1037 seems here
applicable:

"A public office is a public trust and
the holder thereof cannot use it directly or
indirectly for a personal profit; and officers
are not permitted to place themselves in a posi-
tion in which personal interest may come into

conflict with the duty which they owe to the
public. Thus public officers are denied the
right to make contracts in their official
capacity with themselves, or to become in-
terested in contracts thus made, or to take
contracts which it is their official business
to see faithfully performed; and a board
cannot make a legal contract with one of its
own members in respect of the trust reposed in
it."

We, therefore, respectfully advise you it is
our opinion the order increasing your county judge's
ex-officio salary to Twenty-Seven Hundred ($2,700.00)
Dollars per year, where same was done by his vote, is
illegal.

Very truly yours

ATTORNEY GENERAL OF TEXAS

(signed)

By

Benjamin Woodall
Assistant

BW:AW:lw

APPROVED:

ATTORNEY GENERAL OF TEXAS